

1

2

3

4

5

6

7   In Re:                                                    MISG-00-80013-LBR

8   KENNETH MICKENS,                                          Chapter 7
                Debtor(s).

9   ───────────────────────────────                          U.S. Bankruptcy Court
    U-SAVE AUTO RENTAL OF AMERICA,                            For Northern District of Cal.
10                                                            Case No.: 96-59506 ASW
                   Plaintiff(s),                              Adv. No.: 99-5250
11  vs.
    KENNETH LEE MICKENS and YVETTE                            DATE: April 19, 2001
12  MICKENS,                                                  TIME:  10:00 a.m.
                   Defendants(s).
13  ───────────────────────────────

14          **ORDER CERTIFYING FACTS TO DISTRICT COURT FOR**
                **DISTRICT COURT'S DETERMINATION OF CONTEMPT**
15

16          The bankruptcy court hereby enters this order certifying facts to the District Court for de

17  novo review for the purpose of the District Court making a determination of whether or not it

18  shall issue an order of civil contempt.

19          The essential facts are these: On January 29, 2001, the Bankruptcy Court's "Order

20  Granting Motion To Compel Deposition of Maria Flemate and Request for Sanctions" ("Order

21  To Appear,"attached hereto as Exhibit "A") was filed which ordered Ms. Flemate to appear

22  before the bankruptcy court on February 15, 2001 at 10:00 a.m. for the purpose of having her

23  deposition taken in the above-entitled adversary proceeding.  Despite the Order To Appear, Ms.

24  Flemate did not appear for her deposition on February 15, 2001.

25          On March 22, 2001 the bankruptcy court entered its "Order To Show Cause Why Maria

26  Flemate Should Not Be Sanctioned and/or Held in Contempt" ("Order For Show Cause

27  Hearing," attached hereto as Exhibit "B"), pursuant to Fed. R. Bankr. P. 9020(b).  The

28  bankruptcy court mailed notice of the Order For Show Cause Hearing to Ms. Flemate.

                        CV-S-01-0554-RLH-PAL

SCANNED

1    Pursuant to the Order For Show Cause Hearing, Ms. Flemate was ordered to appear in

2 bankruptcy court on April 19, 2001 at 10:00 a.m. to show cause why she should not be

3 sanctioned and/or held in civil contempt for her failure to appear in bankruptcy court on the date

4 and time set for her deposition, which was February 15, 2001.  In its Order For Show Cause

5 Hearing, this court stated that it would consider the imposition of monetary sanctions, and/or a

6 finding of civil contempt for Ms. Flemate's failure to obey the Order To Appear on February 15,

7 2001, and that the bankruptcy court could determine to certify the matter to the District Court for

8 the  consideration of issuing a bench warrant for the arrest of Ms. Flemate.  Furthermore, this

9 court stated in its Order For Show Cause Hearing that Ms. Flemate's failure to appear at the

10 Show Cause Hearing itself could result in additional sanctions and/or a finding of contempt, as

11 well as certification to the District Court for the consideration of the issuance a bench warrant.

12    Despite the Order For Show Cause Hearing, Ms. Flemate failed to appear in bankruptcy

13 court on April 19, 2001 for the show cause hearing.

14    Accordingly, the bankruptcy court hereby certifies these facts to the District Court for the

15 District Court's determination as to whether it shall issue an order of contempt.

16 **IT IS SO ORDERED**.

17

18 Dated:

1    SHARON L. KINSEY (SBN 187285)
     Law Offices of Sharon Kinsey
2    2425 Porter Street, Suite 2
     Soquel, California 95073
3    Telephone:   (831) 465-7565
     Facsimile:    (831) 465-1006
4

     Attorneys for Plaintiff,
5    U-SAVE AUTO RENTAL OF AMERICA

RECEIVED AND FILED

2001 JAN 29 P 2: 26

. . . . . . CY COURT
. . . . . GRAY, CLERK

6

7

8               UNITED STATES BANKRUPTCY COURT

9                 FOR THE DISTRICT OF NEVADA

10    IN RE:                             )    CHAPTER 7

11    KENNETH MICKENS.            )    MISC - 00-80013 LBR

12                 Debtor.         )

13                             )    U.S. Bankruptcy Court
                                  )    For Northern District of Cal.
14    U-SAVE AUTO RENTAL OF AMERICA,    )    Case No: 96-59506 ASW
                                  )    Adv. Pro. No. 99-5250
15                 Plaintiff,      )    Complaint date: 7-22-99

16       Vs.                         )    [PROPOSED] ORDER
                                  )    GRANTING MOTION TO
17    KENNETH LEE MICKENS and YVETTE    )    COMPEL DEPOSITION OF
     MICKENS,                       )    MARIA FLEMATE AND
18                                 )    REQUEST FOR SANCTIONS
              Defendants.     )
19                                     )    *12 - 21 - 00*

20                                         *2: 00 pm*

21        This matter came on for regular hearing before this Court on December 21, 2000,

22    in Department 2 of this Court, located at 300 Las Vegas Blvd. So., Las Vegas, Nevada.

23    The Court, having reviewed the papers and heard the arguments of counsel, hereby orders

24    as follows:

25        FOR GOOD CAUSE SHOWN, the motion of Plaintiff U-SAVE AUTO RENTAL

26    OF AMERICA ("U-SAVE") to compel the deposition of MARIA FLEMATE, and for the

27    imposition of monetary sanctions against MARIA FLEMATE and her attorney of record,

28    in the amount of $1,000.00, is hereby GRANTED.

SCANNED

PENGAD-Bayonne, N. J.

A

The continued deposition of MARIA FLEMATE shall take place at the United

2  States Bankruptcy Court located at the Foley Federal Building, 300 Las Vegas Blvd. So.,

3  second Floor, Dept 2, before the Honorable Linda B. Riegle, on February 15, 2000, at

4  10:00 a.m.. ~~The monetary sanction, to be split evenly between counsel (if one exists) and~~

5  ~~client, shall be paid to Plaintiff's counsel no later than January 31, 2001.~~

6      IT IS SO ORDERED.

7

8  Submitted by:

9

   SHARON L. KINSEY

10

11 Dated: _JANUARY 29, 2001_

12

13

14

15            UNITED STATES BANKRUPTCY COURT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO COMPEL
AND REQUEST FOR SANCTIONS                    2                    MISC-00-80013 LBR

RECEIVED
AND FILED

Mar 21  10 28 AM '01

ENTERED MAR 2 2 2001

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \* \* \*

| | |
|---|---|
| In Re: | MISC-00-80013-LBR |
| KENNETH MICKENS, | Chapter 7 |
|     Debtor(s). | |
| | U.S. Bankruptcy Court |
| U-SAVE AUTO RENTAL OF AMERICA, | For Northern District of Cal. |
| | Case No.: 96-59506 ASW |
|     Plaintiff(s), | Adv. No.: 99-5250 |
| vs. | |
| KENNETH LEE MICKENS and YVETTE | DATE: April 19, 2001 |
| MICKENS, | TIME:  10:00 a.m. |
|     Defendant(s). | |

**ORDER TO SHOW CAUSE WHY MARIA FLEMATE
SHOULD NOT BE SANCTIONED AND/OR HELD IN CONTEMPT**

Upon the Court's own motion, it is hereby **ORDERED that a hearing will be held on April 19, 2001 at 10:00 a.m.** ("Show Cause Hearing") before the Hon. Linda B. Riegle in Courtroom #2 at the Foley Federal Building, located at 300 Las Vegas Blvd. South, Las Vegas, Nevada, to show cause why Maria Flemate should not be sanctioned, and/or held in civil contempt under Fed. R. Bankr. P. 9020(b) for her failure to appear in Court on the date and time which was set for her deposition.  The essential facts constituting the contempt are these:  on January 29, 2001, this Court issued its "Order Granting Motion To Compel Deposition of Maria Flemate and Request for Sanctions" ("Order To Appear") which ordered Ms. Flemate to appear before this Court on February 15, 2001 at 10:00 a.m. for the purpose of having her deposition taken in the above-entitled adversary proceeding.   Despite the Order To Appear, Ms. Flemate did not appear for her deposition.

PENGAD-Bayonne, N. J.

B

1    At the Show Cause Hearing, which is on **April 19, 2001 at 10:00 a.m.**, this Court will

2    consider the imposition of monetary sanctions, and/or a finding of contempt for Ms. Flemate's

3    failure to obey the Order To Appear.  In addition, the Court may determine to certify the matter

4    to the District Court for the consideration of issuing a bench warrant for the arrest of Ms.

5    Flemate.

6    Furthermore, Ms. Flemate's failure to appear at the Show Cause Hearing itself may result

7    in additional sanctions and/or a finding of contempt, as well as certification to the District Court

8    for the consideration of a bench warrant.

9    **IT IS SO ORDERED.**

10    DATED: *3-21-01*

11    Copies mailed to:

          LINDA B. RIEGLE
          United States Bankruptcy Judge

12         Sharon Kinsey, Esq.
          Maria Flemate
13         Stanley A. Zlotoff, Esq.
          Kenneth Mickens

14

15

16

17

18

19

20

21

22

23

24

25

26

1
2
3
4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were mailed on the _14th_ day of _May_____, 2001, by first class, United State Mail, to the parties at the addresses listed below:

5
6
7

8       Sharon Kinsey, Esq.
        2425 Porter Street, Suite 2
9       Soquel, CA 95073

10      Stanley A. Zlotoff, Esq.
        300 First St., Suite 215
11      San Jose, CA 95113

12      Kenneth Mickens
        c/o Stanley A. Zlotoff, Esq.
13      300 First St., Suite 215
        San Jose, CA 95113

14      Maria Flemate
        Pahrump Automotive Services Center
15      1340 Hwy. 372
        Pahrump, NV 89041

16
17      Maria Flemate
        2260 E. Deacon St.
        Pahrump, NV 89041

18
19      Maria Flemate
        2951 E. Deadwood Street
        Pahrump, NV 89041

20
21      Maria Flemate
        970 S. Highway 160
        Pahrump, NV 89041

22

23      Dated: _5-14-01_

24                                      _Janet M. Graham_
                                        Deputy Clerk, U.S. Bankruptcy Court

25
26
27
28

1   NAME Robert J. Palocsik

RECEIVED
AND FILED

2001 FEB 15  AM 10: 51

2

3   ADDRESS 8755 W. Sahara Av.
         # 239 - Las Vegas NV. 89117

4   PHONE # 702-349-5490

5   BAR CODE

6              UNITED STATES BANKRUPTCY COURT
7                    DISTRICT OF NEVADA

8   MARIA FLEMATE

9   In re:                          ) Case Number MISC-00-80013 LBR
                                     )
10     KENNETH Mickens              ) Chapter Number: 7
                                     )
11   + Yvette Mickens.              ) Date: 12/4/00
                                     )
12                                   ) Time: 2:00 pm.
                                     )
13          Debtor                  ) Trustee_____
                                     )
14  _____)

15              CERTIFICATE OF ~~MAILING~~ OF: Service.

16  _____

17     I,   Robert J. Palocsik   , hereby certify that a copy of

18   SUBPOENA IN AN ADVERSARY PROCEEDING.

19   filed on the 26 day of   Jan.   , 20 01 . in the above-entitled case was maile

20   by me on _____, 20____, by depositing copies thereof in a sealed envelop

21   first-class postage prepaid, in the United States mail, to the parties and addresses indicated on th

22   attached mailing matrix.

23

24   DATED: 2/3/01                    Robert Palocsik.   PI.

25                                    SIGNATURE and TITLE

26   NUMBER OF NOTICES ~~MAILED~~: 4   Copies of Subpoena were

27   TAPED ON DOORS + PLACED IN MAILBOXES

28   AT 4 LOCATIONS. FOR MARIA FLEMATE

3/2000CRTSVC

5

See next page

SCANNED

Copies Taped on Door + Placed in Mailboxes
At The Following Locations on 2/3/01

1- 2260 E. Deacon St. Paheump NV.

2- 2951 E. Deadwood St. Paheump. NV.

3- 1340 W Hwy 372, Pahrump NV.

4- 970 S. Hwy 160, Pahrump. NV.

1

2                                              Mar 21   10 20 am '01

3

4               UNITED STATES BANKRUPTCY **ENTERED** MAR 2 2 2001

5                           DISTRICT OF NEVADA

6                          * * * * * * *

In Re:                                    )        MISC-00-80013-LBR
7                                          )
KENNETH MICKENS,                          )        Chapter 7
8              Debtor(s).                  )
                                          )        U.S. Bankruptcy Court
9    U-SAVE AUTO RENTAL OF AMERICA,        )        For Northern District of Cal.
                                          )        Case No.: 96-59506 ASW
10              Plaintiff(s),              )        Adv. No.: 99-5250
                                          )
     vs.                                   )
11   KENNETH LEE MICKENS and YVETTE        )        DATE: April 19, 2001
     MICKENS,                              )        TIME: 10:00 a.m.
12              Defendants(s).             )
                                          )
13

14           **ORDER TO SHOW CAUSE WHY MARIA FLEMATE**
       **SHOULD NOT BE SANCTIONED AND/OR HELD IN CONTEMPT**

15        Upon the Court's own motion, it is hereby **ORDERED that a hearing will be held on**

16   **April 19, 2001 at 10:00 a.m.** ("Show Cause Hearing") before the Hon. Linda B. Riegle in

17   Courtroom #2 at the Foley Federal Building, located at 300 Las Vegas Blvd. South, Las Vegas,

18   Nevada, to show cause why Maria Flemate should not be sanctioned, and/or held in civil

19   contempt under Fed. R. Bankr. P. 9020(b) for her failure to appear in Court on the date and time

20   which was set for her deposition. The essential facts constituting the contempt are these: on

21   January 29, 2001, this Court issued its "Order Granting Motion To Compel Deposition of Maria

22   Flemate and Request for Sanctions" ("Order To Appear") which ordered Ms. Flemate to appear

23   before this Court on February 15, 2001 at 10:00 a.m. for the purpose of having her deposition

24   taken in the above-entitled adversary proceeding. Despite the Order To Appear, Ms. Flemate

25   did not appear for her deposition.

26



1    At the Show Cause Hearing, which is on **April 19, 2001 at 10:00 a.m.**, this Court will

2  consider the imposition of monetary sanctions, and/or a finding of contempt for Ms. Flemate's

3  failure to obey the Order To Appear.  In addition, the Court may determine to certify the matter

4  to the District Court for the consideration of issuing a bench warrant for the arrest of Ms.

5  Flemate.

6    Furthermore, Ms. Flemate's failure to appear at the Show Cause Hearing itself may result

7  in additional sanctions and/or a finding of contempt, as well as certification to the District Court

8  for the consideration of a bench warrant.

9    **IT IS SO ORDERED.**

10  DATED: _3-21-01_

          _____
          LINDA B. RIEGLE
11                                                    United States Bankruptcy Judge

    Copies mailed to:
12      Sharon Kinsey, Esq.
        Maria Flemate
13      Stanley A. Zlotoff, Esq.
        Kenneth Mickens

14

15

16

17

18

19

20

21

22

23

24

25

26

SHARON L. KINSEY (SBN 187285)
Law Offices of Sharon Kinsey
2425 Porter Street, Suite 2
Soquel, California 95073
Telephone:   (831) 465-7565
Facsimile:   (831) 465-1006

Attorneys for Plaintiff,
U-SAVE AUTO RENTAL OF AMERICA

RECEIVED AND FILED

2001 JAN 29  P 2: 26

U. _____ COURT
_____ CLERK

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| KENNETH MICKENS, | MISC - 00-80013 LBR |
| Debtor. | |
| U-SAVE AUTO RENTAL OF AMERICA, | U.S. Bankruptcy Court For Northern District of Cal. Case No: 96-59506 ASW Adv. Pro. No. 99-5250 Complaint date: 7-22-99 |
| Plaintiff, | |
| Vs. | [PROPOSED] ORDER GRANTING MOTION TO COMPEL DEPOSITION OF MARIA FLEMATE AND REQUEST FOR SANCTIONS |
| KENNETH LEE MICKENS and YVETTE MICKENS, | |
| Defendants. | 12 - 21 - 00 |
| | 2 : 00 pm |

This matter came on for regular hearing before this Court on December 21, 2000, in Department 2 of this Court, located at 300 Las Vegas Blvd. So., Las Vegas, Nevada. The Court, having reviewed the papers and heard the arguments of counsel, hereby orders as follows:

FOR GOOD CAUSE SHOWN, the motion of Plaintiff U-SAVE AUTO RENTAL OF AMERICA ("U-SAVE") to compel the deposition of MARIA FLEMATE, and for the imposition of monetary sanctions against MARIA FLEMATE and her attorney of record, in the amount of $1,000.00, is hereby GRANTED.

SCANNED

ORDER GRANTING MOTION TO COMPEL
AND REQUEST FOR SANCTIONS                    1                    MISC-00-80013 LBR

1       The continued deposition of MARIA FLEMATE shall take place at the United

2 States Bankruptcy Court located at the Foley Federal Building, 300 Las Vegas Blvd. So.,

3 second Floor, Dept 2, before the Honorable Linda B. Riegle, on February 15, 2000, at

4 10:00 a.m..   The ~~monetary sanction, to be split evenly between counsel (if one exists) and~~

5 ~~client, shall be paid to Plaintiff's counsel no later than January 31, 2001.~~

6       IT IS SO ORDERED.

7

8 Submitted by:

9

10 SHARON L. KINSEY

11 Dated: _JANUARY 29, 2001_

12

13

14

15 UNITED STATES BANKRUPTCY COURT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO COMPEL
AND REQUEST FOR SANCTIONS          2          MISC-00-80013 LBR

1   SHARON L. KINSEY (SBN 187285)
    Law Offices of Sharon Kinsey
2   2425 Porter Street, Suite 2
    Soquel, California 95073
3   Telephone:   (831) 465-7565
    Facsimile:   (831) 465-1006
4
    Attorneys for Plaintiff,
5   U-SAVE AUTO RENTAL OF AMERICA

6              ᕀ

7

8                    UNITED STATES BANKRUPTCY COURT

9                    FOR THE DISTRICT OF NEVADA

10  IN RE:                                )   CHAPTER 7
                                          )
11  KENNETH MICKENS,                      )   **MISC-00-80013 LBR**
                                          )
12                          Debtor.       )
                                          )
13  _____       )   U.S. BANKRUPTCY COURT
                                          )   NORTHERN DISTRICT OF CA
14  U-SAVE AUTO RENTAL OF AMERICA,        )   Case No: 96-59506 ASW
                                          )   Adv. Pro. No. 99-5250
                                          )   Complaint date:7-22-99
15                          Plaintiff,    )
                                          )
16          Vs.                           )   NOTICE OF MOTION &
                                          )   MOTION TO COMPEL
17  KENNETH LEE MICKENS and YVETTE        )   DEPOSITION OF MARIA
    MICKENS,                              )   FLEMATE & REQUEST FOR
                                          )   SANCTIONS; POINTS &
18                          Defendants.   )   AUTHORITIES;
                                          )   DECLARATION OF SHARON
19                                        )   KINSEY
                                          )
20                                        )   DATE:   December 21, 2000
                                          )   TIME:   2:00
21                                        )   DEPT:   2
                                          )
22  _____       )   The Hon. L. B. Riegle

23

24

25  TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

26          PLEASE TAKE NOTICE that on December 21, 2000 at 2:00 p.m., or as soon

27  thereafter as the matter may be heard, in Department 2 of this Court, located at 300 Las

    Vegas Blvd., Las Vegas, Nevada. Plaintiff U-SAVE AUTO RENTAL OF AMERICA

    ("U-SAVE") will move for an Order compelling the deposition of Maria Flemate, and for

*To Be Used As Original*

1   the imposition of monetary sanctions against Ms. Flemate and her attorney of record, in

2   the amount of **$ 3694.00.**

3          This motion is made on the grounds that Maria Flemate has failed and refused to

4   appear to be deposed, that her deposition will reasonably lead to the discovery of

5   admissible evidence, and that good cause exists for compelling her to comply with

6   Plaintiff's requested deposition and the production of documents, i.e., for effective trial

7   preparation and to prevent surprise at trial. Further, Plaintiff made a good faith attempt at

8   informal resolution of the issue by communicating with Maria Flemate prior to making

9   this motion.

10         This motion will be based on this notice of motion, the memorandum of points and

11  authorities, the declaration of Sharon L. Kinsey, the papers and records on file herein, and

12  on such evidence as may be presented at the hearing of this matter.

13                      **MEMORANDUM OF POINTS AND AUTHORITIES**

14                                                      **I.**

15                                       **FACTUAL SUMMARY**

16         This case arises from a franchise agreement granted to Automart by U-SAVE on

17  August 28, 1997.  As part of the franchise agreement, U-SAVE provided 13 new

18  vehicles to Automart for use in Automart's car rental operation.  In March 1998,

19  Automart stopped making the required franchise payments to U-SAVE and on or about

20  August 1998 closed its doors.  U-SAVE recovered all but five of the vehicles entrusted

21  to Automart. Some of the vehicles were found at Bay Cities Auto Auction, and others

22  were located after being contacted by various lenders. On August 31, 1998, the DMV in

23  San Leandro reported that at least four of the missing vehicles had "pending master files,"

24  meaning the vehicles had been sold.

25         Plaintiff served all Defendants on November 13, 1998, for case No. 805777-2 in

26  the Superior Court of Alameda County, California.

27         On May 27, 1999, Defendant Ken Mickens filed a Chapter 7 Bankruptcy petition

28  in the U.S. Bankruptcy Court in San Jose, California, No. 96-59506ASW.  On July 22,

1   1999, Plaintiff filed a Complaint to Determine Dischargeability of Debt and Entitlement

2   to Discharge for Ken Mickens (U.S. Bankruptcy Court, Norther District of California

3   Case No. 99-5250ASW.), alleging fraud, and willful and malicious conversion.

4        This case involves issues and conduct taking place at or surrounding Defendant

5   Kenneth Lee Mickens' place of business.  Maria Flemate was/is employed at that

6   business.  Ms. Flemate handled both financial and administrative business transactions.

7   She has pertinent and material information concerning the business.

8                                    **II.**

9                        **PROCEDURAL BACKGROUND**

10       Plaintiff has set Ms. Flemate's deposition on two prior occasions. meeting and

11  conferring with her each time to arrange the dates.  Ms. Flemate appears to be

12  unrepresented in her status as a witness in this case, although this office has received

13  correspondence on her behalf from defendant Mickens' attorney Stanley Zlotoff.  Mr.

14  Zlotoff represents Defendants Ken and Yvette Mickens, thus a serious conflict would

15  exist as to his representation of Ms. Flemate.

16       Plaintiff originally set Ms. Flemate's deposition for July 14, 2000.  She failed to

17  appear.  Plaintiff reset the deposition for September 19, 2000, and again she failed to

18  appear.  Ms. Flemate now claims medical reasons for not appearing.  The parties have

19  been unable to agree to a date for the deposition of Ms. Flemate, or to resolve the issue of

20  Ms. Flemate's refusal to comply with the noticed deposition.

21                                   **III.**

22                          **LAW & ARGUMENT**

23  **A.    PLAINTIFF IS ENTITLED TO DEPOSE MS. FLEMATE**

24       Plaintiff may obtain discovery by oral deposition on any matter, not privileged,

25  relevant to the subject matter of the litigation.  Federal Rules of Civil Procedure

26  ("FRCP") 26(a)(5), (b)(1).  Pursuant to FRCP 45(a)(1)(C), a nonparty may be

27  commanded to attend a deposition and produce documents.  The method to secure the

28  attendance of a nonparty witness at deposition is by service of a subpoena.  FRCP 30(a),

45. Depositions are the only way to obtain testimony and documents from a nonparty witness. *Penn. Railroad v. The Marie Leonhardt,* 179 F.Supp. 437, 438 (1959). Failure to comply with a subpoena without adequate excuse is a contempt of court. FRCP 45(e).

As set forth above, the underlying litigation involves Defendant Micken's business, and Ms. Flemate is/was employed in that business. As such, Ms. Flemate is a critical percipient witness. To date, Plaintiff has noticed the deposition of Ms. Flemate on two separate occasions and communicated several times with the witness to obtain her compliance. Ms. Flemate failed or refused to appear, canceling at the last moment on both occasions. Such conduct is sanctionable.

A party may not remain completely silent when he or she regards a notice to take his or her deposition as improper and objectionable. "If she desires not to appear or not to respond, she must apply for a protective order." FRCP 37 advisory committee's note

Ms. Flemate has failed to properly object to the subpoena or seek a protective order as required. The physician's assistant's note that was faxed to Plaintiff's counsel is insufficient to excuse Ms. Flemate from complying with a valid subpoena. Her refusal to be deposed is a ruse to impose hardships on Plaintiff, delay the discovery process, and prejudice Plaintiff at trial. Due to Ms. Flemate's continued refusal to appear at her deposition, Plaintiff has been denied an opportunity to prepare for trial, and to obtain information necessary to the preparation of Plaintiff's case.

**B.   SANCTIONS ARE WARRANTED FOR MS. FLEMATE'S CONDUCT**

Pursuant to FRCP 37(d), if a deponent fails to appear at the deposition after being served with a proper notice, the court in which the action is pending may make "such orders in regard to the failure as are just . . . ." The Court "***shall require*** the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." FRCP 37(d) (emphasis added). Accordingly, Plaintiff seeks sanctions in the amount of $3,169.00.

///

///

## C.   RELIEF FROM THE NOVEMBER 8, 2000 DISCOVERY CUTOFF DATE IS APPROPRIATE

Plaintiff has steadily proceeded with attempts to finish all discovery and depositions prior to the Court imposed discovery cutoff deadline of November 8, 2000. As set forth in the accompanying declaration, Maria Flemate has repeatedly failed and refused to be deposed, and her deposition is essential to Plaintiff's trial preparation. It is imperative that the deposition of Maria Flemate, an unrepresented third party, be deposed to uncover the facts in this case. Ms. Flemate stated that she has been advised by counsel to object to her scheduled deposition, however, Plaintiff's counsel has never been provided with the name of any attorney of record for Ms. Flemate. Plaintiff has attempted to meet and confer with Ms. Flemate on this issue to no avail.

Therefore, Plaintiffs request that the Court grant relief from the discovery cutoff date to allow sufficient time to complete Ms. Flemate's deposition and for time to complete any follow up discovery, which can only become known after the completion of Ms. Flemate's deposition.

## IV.

## CONCLUSION

Pursuant to FRCP 37 and FRCP 26, the Court has wide discretion to make orders which justice requires to protect Plaintiff from hardship and prejudice. Ms. Flemate's failure to appear at her deposition prejudices Plaintiff in its trial preparation.

Plaintiff requests that the Court issue an order compelling the deposition of Ms. Flemate, that the Court impose sanctions in the amount of $3,694.00 for her delay tactics and her willful refusal to be deposed, and that the Court offer relief from the discovery cutoff date to allow sufficient time to complete further discovery as may be revealed by Ms. Flemate's deposition.

Dated: November 27, 2000          LAW OFFICES OF SHARON KINSEY

By_____
          SHARON L. KINSEY
          Attorneys for Plaintiff. U-SAVE AUTO RENTAL

## DECLARATION OF SHARON L. KINSEY
## IN SUPPORT OF MOTION TO COMPEL

I, Sharon L. Kinsey, declare:

1.  I am an attorney at law duly admitted to practice before all the courts of the State of California and the attorney of record herein for Plaintiff.

2.  This office originally noticed Ms. Flemate's deposition for July 14, 2000. The subpoena was personally served on Ms. Flemate on June 30, 2000. (A true and correct copy of the deposition notice and proof of service is attached collectively as **EXHIBIT A**).

3.  On July 14, 2000, I appeared at the offices of Laurie Webb in Nevada for the purpose of taking the deposition of Ms. Flemate. Ms. Flemate did not appear. (A true and correct copy of the reporter's transcript made on that date is attached as **EXHIBIT B**).

4.  On August 11, 2000, this office caused to be served on Ms. Flemate, a new deposition subpoena, issued by the court in Nevada, to appear on September 19, 2000 for her deposition. The regular process service attempted to serve Ms. Flemate with the subpoena several times, but was threatened with arrest by Ken Mickens. Thereafter, the Nye County Sheriff's office successfully served the subpoena. (A true and correct copy of the deposition subpoena with proofs of service are collectively attached as **EXHIBIT C**).

5.  On August 28, 2000. this office received correspondence from Ms. Flemate, dated August 11, 2000, stating that "her attorney" advised her to object to our deposition subpoena. (A true and correct copy of the letter is attached as **EXHIBIT D**).

6.  On September 6, 2000, the Nye County Sheriff's Office personally served Ms. Flemate with a copy of a letter advising her of the need to confirm deposition dates by September 22, 2000. (True and correct copies of this letter and the proof of service is attached collectively as **EXHIBIT E** ).

7.  On September 18, 2000, this office received a facsimile from Advanced Medical Center stating that Ms. Flemate was under their care for "mental anguish resulting

1  from personal stressors" and excusing Ms. Flemate from participating in any
2  depositions in the near future. (A true and correct copy of this facsimile is
3  attached as **EXHIBIT F** ).

4  8.  On September 22, 2000, this office spoke directly to Ms. Flemate regarding her
5  deposition and Ms. Flemate agreed to reschedule the deposition in a timely manner
6  after her doctors appointment on September 20, 2000. (A true and correct copy of
7  correspondence confirming this conversation by facsimile is attached as **EXHIBIT**
8  **G** ).

9  9.  On 9-22-00, this office received correspondence from Ms. Flemate cancelling any
10  depositions for at least one month. (A true and correct copy of this letter is
11  attached as **EXHIBIT H**.).

12  10.  My usual and customary billing rate for this case is $150.00 per hour.

13  11.  On July 14, 2000, I flew to Las Vegas, Nevada to attend the deposition of Ms.
14  Flemate. The following expenses were incurred on that trip for which Ms. Flemate
15  failed to appear:

16  a. Airfare: $219.00
17  b. Ground transportation: $60.00
18  c. Reporter's time and transcript: $153.00
19  d. Subpoena fees: $187.00
20  e. 8 hours of attorney time: $1,200.00

21  12.  I spent six attorney hours preparing this motion and the accompanying papers and
22  exhibits for a total of $900.00 and my paralegal spent three hours preparing the
23  Request for Miscellaneous Case Number in the Nevada Court with necessary
24  exhibits for a total of $375.00.

25  13.  I anticipate than an additional three hours will be required to review the opposing
26  papers and to prepare a reply brief for a total of $450.00. This office will incur a
27  fee of $150.00 to hire an attorney in Nevada to appear at said motion on December
28  21, 2000. Therefore, I request that the Court impose sanctions in the amount of

1   **$3,694.00** against Ms. Flemate and/or attorney advising her to avoid deposition, in

2   favor of Plaintiff.

3       I declare under penalty of perjury and the laws of the State of California that the

4   foregoing is true and correct. This declaration is made on November 26, 2000, at Soquel,

5   California.

6                                      LAW OFFICES OF SHARON L. KINSEY

7

8                                    By:_____

9                                        SHARON KINSEY
                                   Attorneys for Plaintiff,
                                 U-SAVE AUTO RENTAL OF AMERICA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE
*USAVE v. AUTOMART*

I, CHERYL SNIDER, declare:

      I am employed by the law firm of THE LAW OFFICES OF SHARON KINSEY. My business address is 2425 Porter Street, Suite 2, Soquel, California, 95073. I am over the age of 18 years and not a party to this action.

      On November 28, 2000, I served the following document(s) set forth below in the manner indicated:

      ( X ) **Via Facsimile**: By facsimile machine at the fax number(s) shown below. I caused the machine to print a transmission record of the transmission and no error was reported by the machine.

      ( X ) **Personal Service**: By delivering a copy to Fax & File Legal Services for personal service on Stanley Zlotoff only, at the address indicated, with a proof of personal service this date to be filed at a later time by the process server.

      (  ) **Service by Mail (Deposit)**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope with the United States Postal Service in Soquel, California, with the postage fully prepaid.

**Document(s) Served**:   NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF MARIA FLEMATE & REQUEST FOR SANCTIONS; POINTS AND AUTHORITIES; DECLARATION OF SHARON KINSEY; and [PROPOSED] ORDER GRANTING MOTION TO COMPEL DEPOSITION OF MARIA FLEMATE AND REQUEST FOR SANCTIONS

**Person(s) Served:**

Stanley A. Zlotoff, Esq.
300 First Street, Suite 215
San Jose, CA   95113
Facsimile: (408) 287-7645
Atty for Kenneth & Yvette Mickens

Ms. Maria Flemate       (Served via facsimile only as plaintiff is unaware of mailing address)
Pahrumph, NV
Facsimile: (775) 727-4279

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on November 28, 2000, at Soquel, California.

CHERYL SNIDER

TRANSACTION REPORT

Transmission
Transaction(s) completed

| NO. | TX DATE/TIME | DESTINATION | DURATION | PGS. | RESULT | MODE |
|---|---|---|---|---|---|---|
| 190 | NOV. 28 11:58 | 408 287 7645 | 0° 03' 18" | 011 | OK | N  ECM |

1   SHARON L. KINSEY (SBN 187285)
    Law Offices of Sharon Kinsey
2   2425 Porter Street, Suite 2
    Soquel, California 95073
3   Telephone:    (831) 465-7565
    Facsimile:    (831) 465-1006
4
    Attorneys for Plaintiff,
5   U-SAVE AUTO RENTAL OF AMERICA

6

7

· 8                  UNITED STATES BANKRUPTCY COURT

9                     FOR THE DISTRICT OF NEVADA

10  IN RE:                                    ) CHAPTER 7
                                              )
11  KENNETH MICKENS,                          ) **MISC-00-80013 LBR**
                                              )
12                          Debtor.           )
    _____       ) U.S. BANKRUPTCY COURT
13                                            ) NORTHERN DISTRICT OF CA
    U-SAVE AUTO RENTAL OF AMERICA,            ) Case No: 96-59506 ASW
14                                            ) Adv. Pro. No. 99-5250
                            Plaintiff,        ) Complaint date:7-22-99
15                                            )
              Vs.                             ) NOTICE OF MOTION &
16                                            ) MOTION TO COMPEL
    KENNETH LEE MICKENS and YVETTE            ) DEPOSITION OF MARIA
17  MICKENS,                                  ) FLEMATE & REQUEST FOR
                                              ) SANCTIONS; POINTS &
18                          Defendants.       ) AUTHORITIES;
                                              ) DECLARATION OF SHARON
19                                            ) KINSEY
                                              )
20                                            ) DATE:  December 21, 2000

TRANSACTION REPORT

Transmission
Transaction(s) completed

| NO. | TX DATE/TIME | DESTINATION | DURATION | PGS. | RESULT | MODE |
|-----|--------------|-------------|----------|------|--------|------|
| 191 | NOV. 28 12:02 | 7757274279 | 0° 04' 04" | 011 | OK | N  ECM |

1  SHARON L. KINSEY (SBN 187285)
   Law Offices of Sharon Kinsey
2  2425 Porter Street, Suite 2
   Soquel, California 95073
3  Telephone:  (831) 465-7565
   Facsimile:   (831) 465-1006
4
   Attorneys for Plaintiff,
5  U-SAVE AUTO RENTAL OF AMERICA

6

7

8              UNITED STATES BANKRUPTCY COURT

9                FOR THE DISTRICT OF NEVADA

10  IN RE:                                    )    CHAPTER 7
                                              )
11  KENNETH MICKENS,                          )    **MISC-00-80013 LBR**
                                              )
12                          Debtor.           )
                                              )
13  _____             )    U.S. BANKRUPTCY COURT
                                              )    NORTHERN DISTRICT OF CA
14  U-SAVE AUTO RENTAL OF AMERICA,            )    Case No: 96-59506 ASW
                                              )    Adv. Pro. No. 99-5250
15                          Plaintiff,        )    Complaint date:7-22-99
                                              )
16          Vs.                               )    NOTICE OF MOTION &
                                              )    MOTION TO COMPEL
17  KENNETH LEE MICKENS and YVETTE            )    DEPOSITION OF MARIA
    MICKENS,                                  )    FLEMATE & REQUEST FOR
18                                            )    SANCTIONS; POINTS &
                            Defendants.       )    AUTHORITIES;
19                                            )    DECLARATION OF SHARON
                                              )    KINSEY
20                                            )
                                              )    DATE:  December 21, 2000

1   SHARON L. KINSEY (SBN 187285)
    Law Offices of Sharon Kinsey
2   2425 Porter Street, Suite 2
    Soquel, California 95073
3   Telephone:   (831) 465-7565
    Facsimile:   (831) 465-1006
4
    Attorneys for Plaintiff,
5   U-SAVE AUTO RENTAL OF AMERICA

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                     FOR THE  DISTRICT OF NEVADA

10  IN RE:                              )   CHAPTER 7
                                        )
11  KENNETH MICKENS,                    )   Case No: MISC-00-80013LBR
                                        )
12                          Debtor.     )   Adv. Pro.
                                        )
13  ───────────────────────────────    )   Califonria Adv. Pro. 99-5250
                                        )   Cailfornia Case No: 96-59506
14  U-SAVE AUTO RENTAL OF AMERICA,      )   ASW
                                        )   Complaint date:7-22-99
15                          Plaintiff,  )
                                        )   PLAINTIFF'S REQUEST FOR A
16          Vs.                         )   MISCELLANEOUS CASE
                                        )   NUMBER FOR THE PURPOSE
17  KENNETH LEE MICKENS and YVETTE      )   OF HEARING ATTACHED
    MICKENS,                            )   MOTION TO COMPEL MARIA
18                                      )   FLEMATE FOR DEPOSITION
                            Defendants. )   AND FOR SANCTIONS FOR
19                                      )   VIOLATION OF SUBPOENA
                                        )
20                                      )   DATE: 12/21/00
                                        )   TIME:   2:00
21                                      )   DEPT: #2
                                        )
22  ───────────────────────────────    )   The Hon. LB. Riegle

23

    TO THE JUDGE OF THE U.S. BANKRUPTCY COURT, DISTRICT OF NEVADA:
24
            Plaintiff in the above referenced case is requesting a miscellaneous action number
25
    for the purpose of holding a Motion to Compel the Deposition of Maria Flemate and
26
    Request for Sanctions for violation of subpoena for deposition.  Ms. Flemate is a third
27
    party and is a resident of Phurump, Nevada.  On November 2, 2000, Plaintiff brought this
28
    same motion before the Judge of the U.S. Bankruptcy Court, Northern District of

RECEIVED
AND FILED

NOV 1 7 2000

U.S. BANKRUPTCY COURT
PATRICIA GRAY   CLERK

SCANNED
CG

1  California (Honorable Arthur Weissbrodt) Case Number 96-59506 ASW (See Attached

2  Exhibit A).  The Court directed Plaintiff to immediately re-file the motion to compel and

3  request for sanctions in the district where the discovery is to be taken.  FRCP 37(a)(1).

4  The Court further  extended the discovery cut off date in this action until January 31,

5  2000 in order to have this same motion heard in the U.S. Bankruptcy Court District of

6  Nevada.

7  Dated: November 15, 2000                              Respectfully submitted,

8                                                        LAW OFFICES OF SHARON KINSEY

9

10                                                       By:_____

11                                                           Sharon L. Kinsey, Attorney for
                                                             Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   SHARON L. KINSEY (SBN 187285)
    Law Offices of Sharon Kinsey
2   2425 Porter Street, Suite 2
    Soquel, California 95073
3   Telephone:   (831) 465-7565
    Facsimile:    (831) 465-1006
4
    Attorneys for Plaintiff,
5   U-SAVE AUTO RENTAL OF AMERICA
6
7
8                 UNITED STATES BANKRUPTCY COURT
9                   FOR THE DISTRICT OF NEVADA
10  IN RE:                              )   CHAPTER 7
                                        )   Miscellaneous Case No:
11  KENNETH MICKENS,                    )
                                        )
12                        Debtor.       )   Adv. Pro. No. 99-5250
                                        )   Case No:  96-59506 ASW
13  _____ )   Complaint date: 7-22-99
                                        )   Trial date:
14  U-SAVE AUTO RENTAL OF AMERICA,      )
                                        )
15                        Plaintiff,    )   [PROPOSED] ORDER
                                        )   GRANTING PLAINTIFF'S A
16       Vs.                            )   MISCELLANEOUS CASE
                                        )   NUMBER and  HEARING DATE
17  KENNETH LEE MICKENS and YVETTE      )   FOR MOTION TO COMPEL
    MICKENS,                            )   DEPOSITION OF MARIA
18                                      )   FLEMATE AND REQUEST
                          Defendants.   )   FOR SANCTIONS
19                                      )
                                            Hearing date:
20                                          Time:
                                            Dept:
21  _____
22       This matter having been reviewed by a United States Bankruptcy Judge in the

23  District of Nevada in Department _____of this Court, located at 300 Las Vegas Blvd, Las

24  Vegas, Nevada and the Court, having reviewed the papers attached as Exhibit A of

25  Plaintiffs Request for Miscellaneous Case Number in Nevada Bankruptcy Court, hereby

26  orders as follows:

27       FOR GOOD CAUSE SHOWN, the request for a temporary case number to be

28  assigned for the purpose of a hearing for the motion of Plaintiff U-SAVE AUTO

1  RENTAL OF AMERICA ("U-SAVE") to compel the deposition of MARIA FLEMATE,

2  and for the imposition of monetary sanctions against MARIA FLEMATE and her

3  attorney of record is granted as follows:

4       The case number assigned in the Nevada District Bankruptcy Court _____ the

5  date for the Motion to Compel the Deposition of Maria Flemate and Request for

6  Sanctions _____, 2000 the time of said hearing _____ in Dept_____.

7       **IT IS SO ORDERED**.

8  Dated:      _____

9

10

11            _____

12                 UNITED STATES BANKRUPTCY COURT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1   SHARON L. KINSEY (SBN 187285)
    Law Offices of Sharon Kinsey
2   2425 Porter Street, Suite 2
    Soquel, California 95073
3   Telephone:    (831) 465-7565
    Facsimile:    (831) 465-1006
4
    Attorneys for Plaintiff,
5   U-SAVE AUTO RENTAL OF AMERICA

6

7

8                   UNITED STATES BANKRUPTCY COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  IN RE:                                    )   CHAPTER 7

11  KENNETH MICKENS,                          )   Case No: 96-59506 ASW
                                              )
12                            Debtor.         )   Adv. Pro. No. 99-5250
                                              )
13  _____         )   Complaint date:7-22-99
                                              )
14  U-SAVE AUTO RENTAL OF AMERICA,            )
                                              )
                         Plaintiff,           )
15                                            )   NOTICE OF MOTION &
       Vs.                                    )   MOTION TO COMPEL
16                                            )   DEPOSITION OF MARIA
    KENNETH LEE MICKENS and YVETTE            )   FLEMATE & REQUEST FOR
17  MICKENS,                                  )   SANCTIONS; POINTS &
                                              )   AUTHORITIES;
18                      Defendants.           )   DECLARATION OF SHARON
                                              )   KINSEY
19                                            )
                                              )   DATE:   November 2, 2000
20                                            )   TIME:    2:15
                                              )   DEPT:    3099
21                                            )
                                              )   The Hon. Arthur S. Weissbrodt
22  _____         )

23  TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

24        PLEASE TAKE NOTICE that on November 2, 2000 at 2:15 p.m., or as soon

25  thereafter as the matter may be heard, in Department 3099 of this Court, located at 280

26  South 1st Street, San Jose, California, Plaintiff U-SAVE AUTO RENTAL OF AMERICA

27  ("U-SAVE") will move for an Order compelling the deposition of Maria Flemate, and for

28

EXHIBIT **A** PAGE **1** OF **39**
96-59506 ASW

BY FAX

1 the imposition of monetary sanctions against Ms. Flemate and her attorney of record, in
2 the amount of **$3,169.00.**

3      This motion is made on the grounds that Maria Flemate has failed and refused to
4 appear to be deposed, that her deposition will reasonably lead to the discovery of
5 admissible evidence, and that good cause exists for compelling her to comply with
6 Plaintiff's requested deposition and the production of documents, i.e., for effective trial
7 preparation and to prevent surprise at trial. Further, Plaintiff made a good faith attempt at
8 informal resolution of the issue by communicating with Maria Flemate prior to making
9 this motion.

10      This motion will be based on this notice of motion, the memorandum of points and
11 authorities, the declaration of Sharon L. Kinsey, the papers and records on file herein, and
12 on such evidence as may be presented at the hearing of this matter.

13                 **MEMORANDUM OF POINTS AND AUTHORITIES**

14                                **I.**

15                    **FACTUAL SUMMARY**

16      This case arises from a franchise agreement granted to Automart by U-SAVE on
17 August 28, 1997. As part of the franchise agreement, U-SAVE provided 13 new
18 vehicles to Automart for use in Automart's car rental operation. In March 1998,
19 Automart stopped making the required franchise payments to U-SAVE and on or about
20 August, 1998 closed its doors. U-SAVE recovered all but five of the vehicles entrusted
21 to Automart. Some of the vehicles were found at Bay Cities Auto Auction, and others
22 were located after being contacted by various lenders. On August 31, 1998, the DMV in
23 San Leandro reported that at least four of the missing vehicles had "pending master files,"
24 meaning the vehicles had been sold.

25      Plaintiff served all Defendants on November 13, 1998, for case No. 805777-2 in
26 the Superior Court of Alameda County.

27      On May 27, 1999, Defendant Ken Mickens filed a Chapter 7 Bankruptcy petition
28 in the U.S. Bankruptcy Court in San Jose, California, No. 96-59506ASW. On July 22,

1 │ 1999, Plaintiff filed a Complaint to Determine Dischargeability of Debt and Entitlement
2 │ to Discharge for Ken Mickens (Case No. 99-5250ASW.), alleging fraud, and willful and
3 │ malicious conversion.

4 │     This case involves issues and conduct taking place at or surrounding Defendant
5 │ Kenneth Lee Mickens' place of business. Maria Flemate was/is employed at that
6 │ business. Ms. Flemate handled both financial and administrative business transactions.
7 │ She has pertinent and material information concerning the business.

8 │ <div align="center">**II.**</div>
9 │ <div align="center">**PROCEDURAL BACKGROUND**</div>

10 │     Plaintiff has set Ms. Flemate's deposition on two prior occasions, meeting and
11 │ conferring with her each time to arrange the dates. Ms. Flemate appears to be
12 │ unrepresented as to her status as a witness in this case, although this office has received
13 │ correspondence on her behalf from defendant Mickens' attorney Stanley Zlotoff. Mr.
14 │ Zlotoff represents Defendants Ken and Yvette Mickens, thus a serious conflict would
15 │ exist as to his representation of Ms. Flemate.

16 │     Plaintiffs originally set Ms. Flemate's deposition for July 14, 2000. She failed to
17 │ appear. Plaintiff reset the deposition for September 19, 2000 and again she failed to
18 │ appear. Ms. Flemate now claims medical reasons for not appearing. The parties have
19 │ been unable to agree to a date for the deposition of Ms. Flemate, or to resolve the issue of
20 │ Ms. Flemate's refusal to comply with the noticed deposition.

21 │ <div align="center">**III.**</div>
22 │ <div align="center">**LAW & ARGUMENT**</div>

23 │ **A.   PLAINTIFF IS ENTITLED TO DEPOSE MS. FLEMATE**

24 │     Plaintiff may obtain discovery by oral deposition on any matter, not privileged,
25 │ relevant to the subject matter of the litigation. Federal Rules of Civil Procedure
26 │ ("FRCP") 26(a)(5), (b)(1). Pursuant to FRCP 45(a)(1)(C), a nonparty may be
27 │ commanded to attend a deposition and produce documents. The method to secure the
28 │ attendance of a nonparty witness at deposition is by service of a subpoena. FRCP 30(a),

1   45. Depositions are the only way to obtain testimony and documents from a nonparty

2   witness. *Penn. Railroad v. The Marie Leonhardt,* 179 F.Supp. 437, 438 (1959). Failure

3   to comply with a subpoena without adequate excuse is a contempt of court. FRCP 45(e).

4       As set forth above, the underlying litigation involves Defendant Micken's

5   business, and Ms. Flemate is/was employed in that business. As such, Ms. Flemate is a

6   critical percipient witness. To date, Plaintiff has noticed the deposition of Ms. Flemate on

7   two separate occasions and communicated several times with the witness to obtain her

8   compliance. Ms. Flemate failed or refused to appear, canceling at the last moment on

9   both occasions. Such conduct is sanctionable.

10      A party may not remain completely silent when he or she regards a notice to take

11   his or her deposition as improper and objectionable. "If she desires not to appear or not to

12   respond, she must apply for a protective order." (FRCP 37 advisory committee's note. )

13      Ms. Flemate has failed to properly object to the subpoena or seek a protective

14   order as required. The physician's assistant's note that was faxed to Plaintiff's counsel is

15   insufficient to excuse Ms. Flemate from complying with a valid subpoena. Her refusal to

16   be deposed is a ruse to impose hardships on Plaintiff, delay the discovery process, and

17   prejudice Plaintiff at trial. Due to Ms. Flemate's continued refusal to appear at her

18   deposition, Plaintiff has been denied an opportunity to prepare for trial, and to obtain

19   information necessary to the preparation of Plaintiff's case.

20     **B.**   **SANCTIONS ARE WARRANTED FOR MS. FLEMATE'S CONDUCT**

21      Pursuant to FRCP 37 (d), if a deponent fails to appear at the deposition after being

22   served with a proper notice, the court in which the action is pending may make "such

23   orders in regard to the failure as are just. . . ." The Court "***shall require*** the party failing

24   to act or the attorney advising that party or both to pay the reasonable expenses, including

25   attorney's fees, caused by the failure. . . ." FRCP 37(d) (emphasis added). Accordingly,

26   Plaintiff seeks sanctions in the amount of $3,169.00.

27   ///

28   ///

USAVE V. MICKENS
NOTICE OF MOTION AND MOTION TO COMPEL       4

EXHIBIT **A** PAGE **4** OF **39**
99-59506 ASW

**C.   RELIEF FROM THE NOVEMBER 8, 2000 DISCOVERY CUTOFF DATE IS APPROPRIATE**

Plaintiff has steadily proceeded with attempts to finish all discovery and depositions prior to the Court imposed discovery cutoff deadline of November 8, 2000. As set forth in the accompanying declaration, Maria Flemate has repeatedly failed and refused to be deposed, and her deposition is essential to Plaintiff's trial preparation. It is imperative that the deposition of Maria Flemate, an unrepresented third party, be deposed to uncover the facts in this case. Ms. Flemate stated that she has been advised by counsel to object to her scheduled deposition, however, Plaintiff's counsel has never been provided with the name of any attorney of record for Ms. Flemate. Plaintiff has attempted to meet and confer with Ms. Flemate on this issue to no avail.

Therefore, Plaintiffs request that the Court grant relief from the discovery cutoff date to allow sufficient time to complete Ms. Flemate's deposition and for time to complete any follow up discovery, which can only become known after the completion of Ms. Flemate's deposition.

## IV.

## CONCLUSION

Pursuant to FRCP 37 and FRCP 26, the Court has wide discretion to make orders which justice requires to protect Plaintiff from hardship and prejudice. Ms. Flemate's failure to appear at her deposition prejudices Plaintiff in its trial preparation.

Plaintiff requests that the Court issue an order compelling the deposition of Ms. Flemate, that the Court impose sanctions in the amount of $3,169.00 for her delay tactics and her willful refusal to be deposed, and that the Court offer relief from the discovery cutoff date to allow sufficient time to complete further discovery as may be revealed by Ms. Flemate's deposition.

Dated: October 23, 2000

LAW OFFICES OF SHARON KINSEY

By_____
        SHARON L. KINSEY
        Attorneys for Plaintiff,
        U-SAVE AUTO RENTAL OF AMERICA

EXHIBIT **A** PAGE **5** OF **39**

## DECLARATION OF SHARON L. KINSEY IN SUPPORT OF MOTION TO COMPEL

I, Sharon L. Kinsey, declare:

1. I am an attorney at law duly admitted to practice before all the courts of the State of California and the attorney of record herein for Plaintiff.

2. This office originally noticed Ms. Flemate's deposition for July 14, 2000. The subpoena was personally served on Ms. Flemate on June 30, 2000. (A true and correct copy of the deposition notice and proof of service is attached collectively as **EXHIBIT A**).

3. On July 14, 2000, I appeared at the offices of Laurie Webb in Nevada for the purpose of taking the deposition of Ms. Flemate. Ms. Flemate did not appear. ( A true and correct copy of the reporter's transcript made on that date is attached as **EXHIBIT B**).

4. On August 11, 2000 this office caused to be served on Ms. Flemate, a new deposition subpoena, issued by the court in Nevada, to appear on September 19, 2000 for her deposition. The regular process service attempted to serve Ms. Flemate with the subpoena several times, but was threatened with arrest by Ken Mickens. Thereafter, the Nye County Sheriff's office successfully served the subpoena. (A true and correct copy of the deposition subpoena with proofs of service are collectively attached as **EXHIBIT C**).

5. On August 28, 2000, this office received correspondence from Ms. Flemate, dated August 11, 2000, stating that "her attorney" advised her to object to our deposition subpoena. (A true and correct copy of the letter is attached as **EXHIBIT D**).

6. On September 6, 2000, the Nye County Sheriff's Office personally served Ms. Flemate with a copy of a letter advising her of the need to confirm deposition dates by September 22, 2000. (True and correct copies of this letter and the proof of service is attached collectively as **EXHIBIT E** ).

7.  On September 18, 2000, this office received a facsimile from Advanced Medical
    Center stating that Ms. Flemate was under their care for "mental anguish resulting
    from personal stressors" and excusing Ms. Flemate from participating in any
    depositions in the near future. (A true and correct copy of this facsimile is
    attached as **EXHIBIT F** ).

8.  On September 18, 2000, this office spoke directly to Ms. Flemate regarding her
    deposition and Ms. Flemate agreed to reschedule the deposition in a timely manner
    after her doctors appointment on September 20, 2000. (A true and correct copy of
    correspondence confirming this conversation by facsimile is attached as **EXHIBIT
    G** ).

9.  On 9-22-00, this office received correspondence from Ms. Flemate cancelling any
    depositions for at least one month. (A true and correct copy of this letter is
    attached as **EXHIBIT H.**).

10. My usual and customary billing rate for this case is $150.00 per hour.

11. On July 14, 2000, I flew to Las Vegas, Nevada to attend the deposition of Ms.
    Flemate. The following expenses were incurred on that trip for which Ms. Flemate
    failed to appear:

    a.  Airfare: $219.00

    b.  Ground transportation: $60.00

    c.  Reporter's time and transcript: $153.00

    d.  Subpoena fees: $187.00

    e.  8 hours of attorney time: $1,200.00

12. I spent six attorney hours preparing this motion and the accompanying papers and
    exhibits for a total of $900.00.

13. I anticipate than an additional three hours will be required to review the opposing
    papers and appear at the hearing of this matter in San Jose, for a total of $450.00.
    Therefore, I request that the Court impose sanctions in the amount of $3,169.00

1   against Ms. Flemate and/or attorney advising her to avoid deposition, in favor of

2   Plaintiff.

3       I declare under penalty of perjury and the laws of the State of California that the

4   foregoing is true and correct. This declaration is made on October 23, 2000, at Soquel,

5   California.

6                               LAW OFFICES OF SHARON L. KINSEY

7

8                               By:_____

9                                    SHARON KINSEY
                                     Attorneys for Plaintiff,
10                                   U-SAVE AUTO RENTAL OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

USAVE V. MICKENS
NOTICE OF MOTION AND MOTION TO COMPEL           8           EXHIBIT **A** PAGE **8** OF **39**

SEP. -18' 00(MON) 12:19      THE LAW OFFICES OF SHARON KINSEY        TEL:831 465 7566                    P. 001

```
TRANSACTION REPORT

Transmission
Transaction(s) completed


NO. TX DATE/TIME   DESTINATION                    DURATION  PGS.   RESULT  MODE

364 SEP. 18 12:19  7757274279                     0°01'08"  002    OK      N   ECM
```

# LAW OFFICES OF SHARON L. KINSEY
### 2425 Porter Street, Suite2
### Soquel, CA 95073
### Telephone: (831) 465-7565
### Fax:       (831) 465-1006

## FACSIMILE COVER SHEET

Date: 9-18-00

To: Maria Flemaker
Company: C/O Pahrump Auto Center
Fax Number: (775) 727-4279         Phone Number: of Sharon Kinsey
From: Laura Milani @ The Law Offices
Re: Your deposition    usave u.c. Mickens
Total Pages: *** 2 ***         Original Will Follow In Mail? ***      ***

EXHIBIT A PAGE 9 OF 39

EXHIBIT A PAGE 1 OF 6

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

DATE 06-30-00   PLACE 1340 Hwy 372, Pahrump NV 894
@ 10:45 A.m.

**SERVED**
MARIA FLEMATE
SERVED ON (PRINT NAME)

PERSONAL
MANNER OF SERVICE

Bette M Hamm
SERVED BY (PRINT NAME)

TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   06-30-00
DATE

_[signature]_  Hamm
SIGNATURE OF SERVER

PO Box 1444
ADDRESS OF SERVER

Pahrump NV 89041

---

Subsribed & Sworn To
before me This 30th day of
June, 2000

_[signature]_

```
NOTARY PUBLIC
STATE OF NEVADA
County of Nye
DAWN MAYER
No: 95-51196-14
My Appointment Expires April 26, 2003
```



Pahrump Automotive
Service Center

1340 Hwy 372
Pahrump, NV 89048        (775) 751-4992

EXHIBIT A PAGE 10~39

EXHIBIT A PAGE 2 OF 6

Rule 45, Federal Rules of Civil Procedu    Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT $\underline{A}$ PAGE $\underline{11}$ OF $\underline{39}$

EXHIBIT $\underline{A}$ PAGE $\underline{3}$ OF $\underline{6}$

ATTACHED DOCUMENTS LIST to
UNITED STATES DISTRICT COURT CIVIL SUBPOENA
MARIA FLEMATE

Production of **Original Documents** for  July 14, 2000 at 9:30 a.m.

- All documents memorializing a business relationship between Ken and Yvette Mickens and/or Automart and Pahrump Auto Sales;

- All documents memorializing money loaned by Pahrump Auto Sales to Automart and/or Ken Mickens or Yvette Mickens or visa versa;

- All records showing any money that you personally received from Automart USA, Ken or Yvette Mickens;

- All bank records for Pahrump Auto Sales, business and property;

- All documents memorializing the purchase of Pahrump Auto Sales business and property;

- All bank records showing money that you or Pahrump Auto Sales received from Ken or Yvette Mickens or Automart USA;

- The Articles of Incorporation for N-V-Me, Inc.;

- The Articles of Incorporation for CAF-1;

- Th Articles of Incorporation for Competitive Advantage Force-1;

- Any contracts between Pahrump Auto Sales and Automart USA;

- Any contracts between you and Ken and Yvette Mickens

- Any contracts between you and Automart USA;

EXHIBIT _A_ PAGE _12_ OF _39_

EXHIBIT _A_ PAGE _4_ OF _6_

## DECLARATION OF SERVICE
*USAVE v. AUTOMART*

I, MARIA G. VARGAS, declare:

I am employed by the law firm of THE LAW OFFICES OF SHARON KINSEY. My business address is 2425 Porter Street, Suite 2, Soquel, California, 95073. I am over the age of 18 years and not a party to this action.

On June 29, 2000, I served the following document(s) set forth below in the manner indicated:

( ) **Via Facsimile**: By facsimile machine to FAX & FILE to complete personal service of said documents upon counsel on Today's Date.

( ) **Personal Service**: By personally delivering to the person named below, at the address indicated.

( X ) **Service by Mail (Deposit)**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope with the United States Postal Service in Soquel, California, with the postage fully prepaid.

**Document(s) Served:**

SUBPOENA TO MARIA FLEMATE; LIST OF DOCUMENTS TO BE PRODUCED; and POS

**Person(s) Served:**

Stanley A. Zlotoff, Esq.
300 First Street, Suite 215
San Jose, CA 95113
Atty for Kenneth & Yvette Mickens

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on June 29, 2000, at Soquel, California.

MARIA G. VARGAS

EXHIBIT **A** PAGE **12** 39

EXHIBIT **A** PAGE **5** OF **6**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

U-SAVE AUTO RENTAL OF AMERICA

### SUBPOENA IN A CIVIL CASE

V.

KENNETH LEE MICKENS

Case Number:[1] 99-53743ASW

TO: MARIA FLEMATE

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Laurie Web & Associates, 517 S. 9th Street, Las Vegas, NV (702) 386-9322 | July 14, 2000 / 9:30 a |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED DOCUMENTS LIST

| PLACE | DATE AND TIME |
|---|---|
| Laura Web & Associates, 517 S. 9th Street, Las Vegas, | July 14, 2000 / 9:30 a |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 6-29-00 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Sharon L. Kinsey     Tel: (831) 465-7565 2425 Porter Street, Suite 2, Soquel, CA 95073 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance. state district under case number.

EXHIBIT A PAGE 6 OF 6

EXHIBIT A PAGE 14 OF 39

ORIGINAL

Scheduled:  MARIA FLEMATE    7/14/00                                    1

1              UNITED STATES BANKRUPTCY COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3

4

5    In re:  KENNETH MICKENS,              )    Chapter 7
                                           )
6                    Debtor.               )    Case No.
                                           )    96-5-9506ASW
7    U-SAVE AUTO RENTAL OF AMERICA,        )
                                           )    Adv. Pro. No.
8                    Plaintiff,            )    99-5250
                                           )
9                    vs.                   )
                                           )
10   KENNETH AND YVETTE MICKENS,           )
                                           )
11                   Defendants.           )

12

13         NONAPPEARANCE OF MARIA FLEMATE

14       FOR HER DULY NOTICED DEPOSITION

15

16        Taken at Laurie Webb & Associates

17            517 South Ninth Street

18            Las Vegas, Nevada 89101

19

20            On Friday, July 14, 2000

21                 At 9:30 a.m.

22

23

24   REPORTED BY:  MARJORIE H. CROSBY

25        NV CCR 512, CA CSR 8580, RPR/RMR   EXHIBIT A PAGE 15 of 39

Scheduled:  MARIA FLEMATE    7/14/00                    2

```
 1   APPEARANCES OF COUNSEL:

 2     .

 3   For the Plaintiff:   SHARON L. KINSEY, ESQ.

 4                        LAW OFFICES OF SHARON KINSEY

 5                        2425 Porter Street

 6                        Suite 2

 7                        Soquel, California  95073

 8

 9   For the Defendants:  STANLEY A. ZLOTOFF, ESQ.

10                        BLUER & ZLOTOFF

11                        300 South First Street

12                        Suite 215

13                        San Jose, California  95113

14                        (Not present)

15

16                        * * * * * * * *

17                        I N D E X

18

19   EXHIBITS                                      MARKED

20   Plaintiff's:

21     A     Production request for original         4

22           documents, subpoena and proof of

23           service

24

25                         EXHIBIT A PAGE 16 OF 39
```

Scheduled:  MARIA FLEMATE    7/14/00                             3

1          I, Marjorie H. Crosby, NV CCR NO. 512, a

2  certified shorthand reporter for the State of Nevada,

3  do hereby certify that:

4          At the request of SHARON L. KINSEY, ESQ.,

5  of the LAW OFFICES OF SHARON KINSEY, attorney for

6  the Plaintiff in the above-entitled cause, I appeared

7  at 517 South Ninth Street, Las Vegas, Nevada at 9:30

8  a.m., on Friday, July 14th, 2000, for the purpose of

9  administering the oath to and reporting the deposition

10 of MARIA FLEMATE;

11          That at 10:25 a.m., MARIA FLEMATE, having

12 failed to appear, the following record was made:

13          MS. KINSEY:  We are here on the record.  It

14 is Friday, July 14th, 2000, at almost 10:25 in the

15 morning.  We were scheduled to take the deposition of

16 Maria Flemate, F-l-e-m-a-t-e.

17          Miss Flemate was served with a subpoena

18 issued by the United States District Court, Northern

19 District of California, in the matter of U-Save Auto

20 Rental of America vs. Kenneth Lee Mickens, Case No.

21 99-53743 ASW.

22          Miss Flemate was served with the subpoena on

23 June 30th, 2000, at 10:45 a.m. in the morning at

24 Pahrump Automotive Service Center, 1340 Highway 372,

25 Pahrump, Nevada, and it was served by Betty M. Hamm,

Scheduled:  MARIA FLEMATE    7/14/00                                    4

1   H-a-m-m, and there's a valid signed proof of service

2   that is also notarized.

3           The deposition was scheduled to take place at

4   Laurie Webb & Associates at 517 South 9th Street in Las

5   Vegas, and the notice was for 9:30 a.m.

6           In addition to the notice itself there was a

7   production request for original documents, a copy of

8   which will be made Exhibit A, along with the subpoena

9   and proof of service itself.

10          (The documents referred to were marked as

11          Plaintiff's Exhibit A for identification.)

12          MS. KINSEY:  Just for the record, Stanley

13  Zlotoff, who is the attorney for Kenneth and Yvette

14  Mickens in their bankruptcy case, had served on the Law

15  Office of Sharon Kinsey by fax yesterday, July 13th, an

16  objection to subpoena as far as the record production

17  is concerned.

18          The objection is on a pleading with

19  Mr. Zlotoff's caption and it is noted that he is

20  attorney specially appearing for Maria Flemate, not

21  that he is representing her.  The objection is signed

22  by both Mr. Zlotoff and Miss Flemate.

23          It is important to note that pursuant to FRCP

24  45, Sub C, Sub 2, Sub B, only the witness can prevent

25  disclosure by objecting.  The party to whom the

LAURIE WEBB & ASSOCIATES  (702) 386-9322
EXHIBIT 2  PAGE 4  OF  9

Scheduled: MARIA FLEMATE    7/14/00                           5

1  subpoenaed records pertain cannot object.  The only

2  option for them is a protective order or a motion to

3  quash.

4          It is unclear, indeed, it appears that it is

5  intentional to be confusing as to whether or not

6  Mr. Zlotoff is proposing to represent Miss Flemate and

7  how and whether the objection was initiated by Miss

8  Flemate or was something drafted by Mr. Zlotoff and

9  merely given to Miss Flemate to sign.

10         The witness, who the subpoena is directed to,

11  may, of course, object at any time prior to the

12  deposition.

13         If the document that was faxed to our office

14  is actually Miss Flemate's objection and not Kenneth

15  Mickens' objection, then it was timely made and

16  prevents the production of documents at the deposition

17  if she were to have appeared.  However, it appears that

18  this objection was a rouse because it states grounds

19  for objecting that only pertain to a party, i.e.,

20  relevance.

21         Miss Flemate should not be able to object on

22  the grounds of relevance because she is a nonparty.  As

23  a nonparty, she would have no idea what documents might

24  lead to the discovery of admissible evidence.  It seems

25  that she lacks standing to object that the request is

LAURIE WEBB & ASSOCIATES   (702) 386-9322
EXHIBIT _B_ PAGE _5_ OF _9_

1 | not calculated to lead to anything discoverable in this

2 | proceeding, which is part of the objection signed by

3 | Miss Flemate.

4 | She also objected that the request for the

5 | articles of incorporation is irrelevant to any issue in

6 | this proceeding and that it will not likely lead to

7 | objectionable evidence.  Miss Flemate can object on the

8 | grounds of privilege, privacy or undue burden, however,

9 | she does not have standing again to object on the basis

10 | of relevance.

11 | Mr. Zlotoff, as the attorney for the debtors,

12 | should have filed for a protective order or motion to

13 | quash.

14 | Further, Mr. Zlotoff's special appearance

15 | appears to be a rouse.  By objecting on the grounds of

16 | relevance, he is clearly acting on behalf of the party

17 | debtor and, of course, as stated before, a party cannot

18 | make an objection but must file a motion to quash or

19 | file for protective order before the deposition.

20 | Further, it seems clear that Mr. Zlotoff

21 | cannot possibly represent both the debtors, Kenneth and

22 | Yvette Mickens, and Miss Flemate, as there would be an

23 | impermissible conflict of interest as Miss Flemate's

24 | interests are absolutely in conflict with the interests

25 | of the Mickens.

LAURIE WEBB & ASSOCIATES   (702) 386-9322
EXHIBIT _B_ PAGE _6_ OF _9_

Scheduled:  MARIA FLEMATE    7/14/00

1          This deposition is not concluded, it is

2   merely suspended until such time as we can issue a

3   warrant by the court for contempt of a court-issued

4   document, and we will also be bringing a motion to

5   compel for the documents as well.

6          (ENDING TIME:  10:30 A.M.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT *A* PAGE *21* OF *39*

Scheduled: MARIA FLEMATE   7/14/00

8

| | |
|---|---|
| 1 | REPORTER'S CERTIFICATION |
| 2 | |
| 3 | I, MARJORIE H. CROSBY, Certified Shorthand |
| 4 | Reporter, do hereby certify I took down in stenotype |
| 5 | all of the proceedings had in the before-entitled |
| 6 | matter at the time and place indicated and that |
| 7 | thereafter said shorthand notes were transcribed into |
| 8 | typewriting at and under my direction and supervision |
| 9 | and that the foregoing transcript constitutes a full, |
| 10 | true and accurate record of the proceedings had. |
| 11 | IN WITNESS WHEREOF, I have hereunto set my |
| 12 | hand in my office in the County of Clark, State of |
| 13 | Nevada, this 18th day of July, 2000. |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | MARJORIE H. CROSBY, RPR, RMR |
| 21 | NV CCR NO. 512 |
| 22 | CA CSR NO. 8580 |
| 23 | |
| 24 | |
| 25 | EXHIBIT *A* PAGE *22* OF *39* |

EXHIBIT *B* PAGE *2* OF *2*

1     REPORTER'S CERTIFICATION

2

3          I, MARJORIE H. CROSBY, Certified Shorthand

4     Reporter, do hereby certify I took down in stenotype

5     all of the proceedings had in the before-entitled

6     matter at the time and place indicated and that

7     thereafter said shorthand notes were transcribed into

8     typewriting at and under my direction and supervision

9     and that the foregoing transcript constitutes a full,

10    true and accurate record of the proceedings had.

11          IN WITNESS WHEREOF, I have hereunto set my

12    hand in my office in the County of Clark, State of

13    Nevada, this 18th day of July, 2000.

14

15

16

17

18

19    _____

20         MARJORIE H. CROSBY, RPR, RMR

21              NV CCR NO. 512

22              CA CSR NO. 8580

23

24

25         EXHIBIT _A_ PAGE _23_ OF _39_

B256 (11/81) Subpoena in an Adversary Proceeding

# United States Bankruptcy Court

_____ DISTRICT OF __NEVADA__ _____

In re    KENNETH MICKENS ,
                    Debtor

          U-SAVE AUTO RENTAL OF AMERICA,
                    Plaintiff   ·

                    V.

          KENNETH LEE MICKENS, AND
          YVETTE MICKENS Defendant ·

To:

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No. 96-5-9506ASW

Chapter 7

Adv. Proc. No. 99-5250

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE Laurie Web & Associates   Tel.: (702)386-9322   517 South 9th Street   Las Vegas, Nevada | DATE AND TIME September 19, 2000 9:00 a.m. |
|---|---|

☒☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   **See Attached list of Documents**

| PLACE Laurie Web & Associates   Tel.: (702)386-9322   517 South 9th Street   Las Vegas, Nevada | DATE AND TIME September 19, 2000 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this adversary proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed.R.Civ.P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE   Attorney for Plaintiff | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sharon L. Kensey, Attorney at Law (admitted to practice in the Northern District of CA)
2425 Porter Street, Suite 2, Soquel, CA  95073  (831) 465-7565

EXHIBIT _C_ PAGE _1_ OF _4_

```
TRANSACTION REPORT

Transmission
Transaction(s) completed


NO. TX DATE/TIME   DESTINATION            DURATION  PGS.  RESULT  MODE

087 JUL.27 09:44   3848638                0'02'50'  005    OK    N  ECM
```

# LAW OFFICES OF SHARON L. KINSEY
2425 Porter Street, Suite2
Soquel, CA 95073
Telephone: (831) 465-7565
Fax:         (831) 465-1006

## FACSIMILE COVER SHEET

Date:  July 27, 2000

To:               Legal Wings
Company:          Legal Wings
Fax Number:       (702) 384-8638         Phone Number: (702) 384-0305
From:             Sharon L. Kinsey
Re:               USAVE v. MICKENS
Total Pages:  5            Original Will Follow In Mail? NO

EXHIBIT *A* PAGE 25 OF 39

EXHIBIT *C* PAGE 2 OF 4

U-Save Auto Rental of America, Plaintiff,
vs. Kenneth Mickens, Defendant
U.S. District Court, Norther District of California
Case no. 99-53743 ASW
ATTACHMENT TO SUBPOENA IN A CIVIL CASE
DOCUMENTS TO BE PRODUCED AT DEPOSITION

The witness must produce **Originals** of **all** of the following documents that are in the witness' possession, custody, or control:

1.    All contracts and other documents memorializing any contract, agreement, business relationship, or arrangement between or among Maria Flemate, Pahrump Auto Sales, Ken Mickens, Yvette Mickens, and/or Automart.

2.    All promissory notes, checks, bank records, and other documents evidencing any money received at any time from Pahrump Auto Sales or Maria Flemate by Automart, Ken Mickens, or Yvette Mickens, whether by loan, payment, gift, compensation or other means.

3.    All promissory notes, checks, bank records, and other documents evidencing any money received at any time from Automart, Ken Mickens, or Yvette Mickens by Pahrump Auto Sales or Maria Flemate, whether by loan, payment, gift, compensation or other means.

4.    All contracts, promissory notes, checks, escrow papers, and other documents memorializing the purchase of the business and property of Pahrump Auto Sales

5.    The Articles of Incorporation for N-V-Me, Inc.;

6.    The Articles of Incorporation for CAF-1;

7.    The Articles of Incorporation for Competitive Advantage Force-1;

EXHIBIT **A** PAGE **26** OF **39**

EXHIBIT **C** PAGE **3** OF **4**

## DECLARATION OF SERVICE
*USAVE v. AUTOMART*

I, MARIA G. VARGAS, declare:

I am employed by the law firm of THE LAW OFFICES OF SHARON KINSEY. My business address is 2425 Porter Street, Suite 2, Soquel, California, 95073. I am over the age of 18 years and not a party to this action.

On July 26, 2000, I served the following document(s) set forth below in the manner indicated:

( ) **Via Facsimile**: By facsimile machine to FAX & FILE to complete personal service of said documents upon counsel on Today's Date.

( ) **Personal Service**: By personally delivering to the person named below, at the address indicated.

( X ) **Service by Mail (Deposit)**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope with the United States Postal Service in Soquel, California, with the postage fully prepaid.

**Document(s) Served**:                SUBPOENA TO MARIA FLEMATE& LIST OF
                                       DOCUMENTS TO BE PRODUCED

**Person(s) Served**:

Stanley A. Zlotoff, Esq.
300 First Street, Suite 215
San Jose, CA   95113
Atty for Kenneth & Yvette Mickens

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on July 26, 2000, at Soquel, California.

MARIA G. VARGAS

EXHIBIT **A** PAGE **27** OF **39**

EXHIBIT **C** PAGE **4** OF **4**

August 11, 2000

Sharon Kinsley
2425 Porter St., Ste. 2
Soquel, CA 95073

Dear Ms. Kinsey:

Per my attorney, I have been advised to respond to your subpoena in writing regarding
any objection that I may have to the subpoena. I am objecting to all that has been
requested in regard to this subpoena. I had nothing to do with Automart U.S.A., so I
feel your request is frivolous.

Thank you,

*Marcia R. Flemate*

Marla Flemate

EXHIBIT **A** PAGE **28** OF **39**

REVIEWED

EXHIBIT **D** PAGE **1** OF **1**



# Law Offices of Sharon Kinsey
*Specializing in Consumer Fraud*

RECEIPT

FROM:
Law Offices of Sharon Kinsey

RE: USAVE

SEND TO:
Maria Flemate
c/o Pahrump Auto Sales
So. Highway 160
Pahrump =NV 89048

FEES:
Postage          0.33
Certified Fee    1.40
Special
Restricted
Receipt          1.25

TOTAL         $ 2.98
POSTMARK OR DATE

**Sharon L. Kinsey, Esq.**
**Bruce Janke, Esq.**

August 31, 2000

Ms. Maria Flemate
Phurump, NV

RE:    USAVE v. Mickens
       UNITED STATES BANKRUPTCY COURT
       NORTHERN DISTRICT OF CALIFORNIA
       ACTION #.96-5-9506ASW

Dear Ms. Flemate:

This letter is in response to your correspondence dated August 11, 2000. Please be advised that this office only now just received said correspondence on August 28, 2000.

Your objection to our subpoena for your deposition and production of documents is not valid. Federal Civil Rule 45(e) states:

> (e) **Contempt.** *"Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued..."*

Therefore, it is mandatory that you be present with the documents requested on September 19, 2000 at 9:00 a.m. at the address on your subpoena of 517 S. 9th Street, Las Vegas, NV. Your oral testimony and production of documents is crucial to assist in the completion of the discovery process in association of the above referenced case.

In your correspondence to us you also stated that you have been advised by legal counsel. If you have retained an attorney to represent you, please have them contact this office immediately.

Sincerely,

Sharon L. Kinsey, Attorney for
Usave

cc: C fianot

EXHIBIT **A** PAGE **29** OF **39**

EXHIBIT **E** PAGE **1** OF **6**

flematelr.8-31-00.wpd
2425 Porter Street • Suite 2 • Soquel • California • 95073 • Phone (831) 465-7565 • Fax (831) 465-100



# Law Offices of Sharon K. ..sey

*Specializing in Consumer Fraud*

**Sharon L. Kinsey, Esq.**
**Bruce Janke, Esq.**

August 31, 2000

Ms. Maria Flemate
Phurump, NV

RE:    USAVE v. Mickens
       UNITED STATES BANKRUPTCY COURT
       NORTHERN DISTRICT OF CALIFORNIA
       ACTION # 96-5-9506ASW

Dear Ms. Flemate:

This letter is in response to your correspondence dated August 11, 2000. Please be advised that this office only now just received said correspondence on August 28, 2000.

Your objection to our subpoena for your deposition and production of documents is not valid. Federal Civil Rule 45(e) states:

> (e) Contempt. *"Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued..."*

Therefore, it is mandatory that you be present with the documents requested on September 19, 2000 at 9:00 a.m. at the address on your subpoena of 517 S. 9th Street, Las Vegas, NV. Your oral testimony and production of documents is crucial to assist in the completion of the discovery process in association of the above referenced case.

In your correspondence to us you also stated that you have been advised by legal counsel. If you have retained an attorney to represent you, please have them contact this office immediately.

cc: C Lioret

Sincerely,

Sharon L. Kinsey, Attorney for Usave

**A** PAGE **30** OF **39**

**EXHIBIT** E PAGE 2 OF 6

STATE OF NEVADA

COUNTY OF _NYE_

## AFFIDAVIT OF SERVICE

_MARK MEDINA_ , being duly sworn says: That at all times herein affiant was over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received the Subpoena on the _11 n+_ day of _AUG_ , +9 _2000_ , and served the same on the _11 n+_ day of _AUG_ , +9 _2000_ by delivering a copy to the witness at (state address) _PAHRUMP AUTO SALES HWY 372_

_NCSO #42106_

Signature of Affiant

SUBSCRIBED AND SWORN to before me this _31_ day of _august_ 19 _2000_

Notary Public in and for the County of _Nye_ State of Nevada

```
NOTARY PUBLIC
STATE OF NEVADA
County of Nye
Pamela Pierce
My Appt. Expires
No.: 98-58023-14    August 13, 2003
```

## ITEMS TO BE PRODUCED

A PAGE 31 OF 39    EXHIBIT E PAGE 5 OF 6

# LAW OFFICES OF SHARON L. KINSEY
2425 Porter Street, Suite2
Soquel, CA 95073
Telephone: (831) 465-7565
Fax:       (831) 465-1006

# FACSIMILE COVER SHEET

Date: September 1, 2000

To:                     Georgiana, Sheriff's Department

Fax Number:             775/482-8195          Phone Number: 775/482-8110

From:                   Cheryl Snider, Legal Secretary

Re:                     U-Save v. Mickens

Total Pages:  2                   Original Will Follow In Mail? NO

Dear Georgiana:

Here is the letter we need to have served on Maria Flemate. The best address I have for her is c/o Parumph Auto Sales, So. Hwy. 160, Parumph, NV. Your Department has served a deposition subpoena on her, so perhaps you have a better address that I. I have heard that Parumph Auto Sales has two offices.

Ms. Flemate is attempting to weasel out of being deposed, so we really want to make sure that since she is without counsel, that we make every effort to ensure her presence. Her depo is scheduled for 9/19/00.

Please send your bill to this office at the address on our letterhead and this fax. Thanks for your assistance. If you have any questions, please call.

                                        Cheryl Snider

CONFIDENTIALITY WARNING:

The information contained in this facsimile is privileged and confidential information intended for use only by the individual or entity named above. If you receive this facsimile and are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is prohibited. If you have received this facsimile in error, please notify us by telephone immediately. Thank you.

EXHIBIT A PAGE 32 OF 39   EXHIBIT E PAGE 4 OF 6

SEP. -01' 00(FRI) 16:00       THE LAW OFFICES OF SHARON KINSEY       TEL:031 465 7565       P. 001

```
┌─────────────────────────────────────────────────────────────────────┐
│ TRANSACTION REPORT                                                    │
│                                                                       │
│ Transmission                                                          │
│ Transaction(s) completed                                             │
│                                                                       │
│ NO.  TX DATE/TIME    DESTINATION          DURATION  PGS.  RESULT  MODE │
│                                                                       │
│ 976 SEP. 1 15:59     7024828195          0'01'05"   002    OK    N ECM │
└─────────────────────────────────────────────────────────────────────┘
```

# LAW OFFICES OF SHARON L. KINSEY

**2425 Porter Street, Suite2**
**Soquel, CA 95073**
**Telephone: (831) 465-7565**
**Fax:         (831) 465-1006**

# FACSIMILE COVER SHEET

Date:   September 1, 2000

To:                        Georgiana, Sheriff's Department

Fax Number:                775/482-8195            Phone Number: 775/482-8110

From:                      Cheryl Snider, Legal Secretary

Re:                        U-Save v. Mickens

Total Pages:   2                     Original Will Follow In Mail? NO

Dear Georgiana:

Here is the letter we need to have served on Maria Flemate. The best address I have for her is c/o Parumph Auto Sales, So. Hwy. 160, Parumph, NV. Your Department has served a deposition subpoena on her, so perhaps you have a better address that I. I have heard that Parumph Auto Sales has two offices.

Ms. Flemate is attempting to weasel out of being deposed, so we really want to make sure that since she is without counsel, that we make every effort to ensure her presence. Her depo is scheduled for 9/19/00.

Please send your bill to this office at the address on our letterhead and this fax. Thanks for your assistance. If you have any questions, please call.

EXHIBIT H PAGE 15 OF 16

4 PAGE 33 OF 39



# Nye County Sheriff's Office
PO Box 831  Tonopah NV 89049

## Return of Service/Non-Service

☒ Service          ☐ Non Service

I hereby certify that I received the within:
☐ Subpoena   ☐ Summons   ☐ Complaint   ☐ Petition   ☐ Notice   ☐ Order

☒ Other _____LETTER_____

and personally ☒ served   ☐ did not serve the same upon

_MARIA  FLEMATE_                                    x  Maria R. Flemate

a copy of the above to the said individual(s) in Nye County Nevada

Reason for non service if not served:

_____

Wade A. Lieseke, Jr. Sheriff
Nye County Sheriff's Office

Joseph Lucid  #1243        07-06-00
Deputy Sheriff                    Date
Time  1450

## Attempts Made

| DATE | TIME | INITIAL |
|------|------|---------|
| 09-05-00 | 1651 | TM |

Advanced Medical Center
1151 South Highway 160
Pahrump Nevada 89048
(775) 727-5509

September 15, 2000

To Whom It May Concern:

I am writing this correspondence to substantiate the need to excuse Ms.
Maria Flemate from participating in a deposition in the near future. Ms. Flemate is
currently under our care for mental anguish as a result of personal stressors. We
have advised her to avoid further emotional stress.

If there are any further questions please feel free to contact us.

Sincerely,

Jane Davis, PA-C

=== COVER PAGE ===

TO:                 _____

FROM:        PAHRUMP AUTO CENTER
        FAX: 7757274279
        TEL: 7757271051


COMMENT:

EXHIBIT **A** PAGE **36** OF **39**



# Law Offices of Sharon K. Kinsey

*Specializing in Consumer Fraud*

Sharon L. Kinsey, Esq.
Bruce Junke, Esq.
Alison Perry, Esq.
Carole K. Johnston, Esq.

September 18, 2000

Maria Flemate
c/o Pahrump Auto Center
Pahrump, Neveda

**Sent Via Facsimile (775) 727-4279**

Dear Ms. Flemate:

This letter will confirm our telephone conversation of today's date with regards to your immediate medical condition and your unavailability to appear at your scheduled deposition. I informed you that without a proper objection served on this office your deposition is mandatory. However, due to your treating physician advising this office that you are unable to appear on Tuesday, September 19, 2000, this office is willing to move your deposition to another date and time in the future. You have stated that you would contact me after your Wednesday, September 20, 2000 doctors appointment to confirm another available date or time to reschedule the deposition. If this office does not have a confirmed rescheduled date of your deposition by Friday September 22, 2000, we will bring a motion for an order to compel your attendance and for contempt sanctions with the Federal Court in which the subpena was issued.

Please confirm a date directly with myself or Ms. Larcher on or before September 22, 2000.

Sincerely,

*[signature]*

Laura Milani, Paralegal to
Sharon L. Kinsey

cc: Mr. Zlotoff
Flemateltr.9-18-00

EXHIBIT G PAGE 1 OF 1

EXHIBIT **A** PAGE **37** OF **39**

REVIEWED

5 E. Gabilan • Suite 204 • Salinas • California • 93901 • Phone (831) 755-0902 • Fax (831) 755-0903
2425 Porter Street • Suite 2 • Soquel • California • 95073 • Phone (831) 465-7565 • Fax (831) 465-100

Sept. 22, 2000

Sharon L. Kinsey
2425 Porter St. #2
Soquel, CA 95073
Attn: Tyler
        831 465-1006 Fax

Re: Maria Flemate-Depo. U-Save vs.Mickens

Last week I spoke to Laura Milani regarding my doctor's letter excusing me from attending my deposition. I was supposed to come up with some future dates so my deposition could be rescheduled. I will not be available for at least a month. At that time, I will check with my doctor again.

Sincerely,
Maria R. Flemate

EXHIBIT **A** PAGE **38** OR **39**        EXHIBIT ++ PAGE ⊥ OF ⊥



## DECLARATION OF SERVICE
### *USAVE v. AUTOMART*

I, CHERYL SNIDER, declare:

I am employed by the law firm of THE LAW OFFICES OF SHARON KINSEY. My business address is 2425 Porter Street, Suite 2, Soquel, California, 95073. I am over the age of 18 years and not a party to this action.

On October 23, 2000, I served the following document(s) set forth below in the manner indicated:

( X ) **Via Facsimile**: By facsimile machine at the fax number(s) shown below. I caused the machine to print a transmission record of the transmission and no error was reported by the machine.

( ) **Personal Service**: By personally delivering to the person named below, at the address indicated.

( X ) **Service by Mail (Deposit)**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope with the United States Postal Service in Soquel, California, with the postage fully prepaid.

**Document(s) Served**: NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF MARIA FLEMATE & REQUEST FOR SANCTIONS; POINTS AND AUTHORITIES; DECLARATION OF SHARON KINSEY; and [PROPOSED] ORDER GRANTING MOTION TO COMPEL DEPOSITION OF MARIA FLEMATE AND REQUEST FOR SANCTIONS

**Person(s) Served**:

Stanley A. Zlotoff, Esq.
300 First Street, Suite 215
San Jose, CA  95113
Facsimile: (408) 287-7645
Atty for Kenneth & Yvette Mickens

Ms. Maria Fiemate    (Served via facsimile only as plaintiff is unaware of mailing address)
Phrumph, NV
Facsimile: (775) 727-4279

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on October 23, 2000, at Soquel, California.

*Cheryl Snider*

CHERYL SNIDER

EXHIBIT **A** PAGE **39** OF **39**

DECLARATION OF SERVICE
*USAVE v. AUTOMART*

I, CHERYL SNIDER, declare:

I am employed by the law firm of THE LAW OFFICES OF SHARON KINSEY. My business address is 2425 Porter Street, Suite 2, Soquel, California, 95073. I am over the age of 18 years and not a party to this action.

On November 16, 2000, I served the following document(s) set forth below in the manner indicated:

(  ) **Via Facsimile**: By facsimile machine at the fax number(s) shown below. I caused the machine to print a transmission record of the transmission and no error was reported by the machine.

(  ) **Personal Service**: By personally delivering to the person named below, at the address indicated.

( X ) **Service by Mail (Deposit)**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope with the United States Postal Service in Soquel, California, with the postage fully prepaid.

**Document(s) Served**:  PLAINTIFF'S REQUEST FOR A MISCELLANEOUS CASE NUMBER FOR THE PURPOSE OF HEARING ATTACHED MOTION TO COMPEL MARIA FLEMATE FOR DEPOSITION AND FOR SANCTIONS FOR VIOLATION OF SUBPOENA

**Person(s) Served:**

Stanley A. Zlotoff, Esq.
300 First Street, Suite 215
San Jose, CA   95113
Facsimile: (408) 287-7645
Atty for Kenneth & Yvette Mickens

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on November 16, 2000, at Soquel, California.

_____
CHERYL SNIDER

## DECLARATION OF SERVICE
*USAVE v. AUTOMART*

I, CHERYL SNIDER, declare:

I am employed by the law firm of THE LAW OFFICES OF SHARON KINSEY. My business address is 2425 Porter Street, Suite 2, Soquel, California, 95073. I am over the age of 18 years and not a party to this action.

On November 16, 2000, I served the following document(s) set forth below in the manner indicated:

(X) **Via Facsimile**: By facsimile machine at the fax number(s) shown below. I caused the machine to print a transmission record of the transmission and no error was reported by the machine.

( ) **Personal Service**: By personally delivering to the person named below, at the address indicated.

( ) **Service by Mail (Deposit)**: By enclosing a copy in an envelope addressed as shown below and depositing the sealed envelope with the United States Postal Service in Soquel, California, with the postage fully prepaid.

**Document(s) Served**: PLAINTIFF'S REQUEST FOR A MISCELLANEOUS CASE NUMBER FOR THE PURPOSE OF HEARING ATTACHED MOTION TO COMPEL MARIA FLEMATE FOR DEPOSITION AND FOR SANCTIONS FOR VIOLATION OF SUBPOENA

**Person(s) Served:**

Ms. Maria Flemate          (Served without Exhibit A, via facsimile only, as plaintiff is unaware of
Pahrumph, NV                              Ms. Flemate's mailing address)
Facsimile: (775) 727-4279

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on November 16, 2000, at Soquel, California.

_____
CHERYL SNIDER